United States District Court
Southern District of Texas
**ENTERED**
April 25, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HANCOCK WHITNEY BANK, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| VS. § | |
| § CIVIL ACTION NO. 4:21-CV-00932 | |
| ECS EXECUTIVE CORP SERVICES, § | |
| NEI DUNLAVY, LLC, RANIA EDLIBI, § | |
| and NASSER EDLIBI, § | |
| § | |
| *Defendants*. § | |

## ORDER

The Court has before it a Motion for Default Judgment filed by Plaintiff Hancock Whitney Bank ("Plaintiff" or "HWB"). (Doc. No. 10). Defendants ECS Executive Corp Services ("ECS"), NEI Dunlavy, LLC ("NEI"), Rania Edlibi, and Nasser Edlibi (collectively, "Defendants") have been served, have not appeared in the case, and have not filed a response in opposition. For the reasons explored below, the Court hereby **GRANTS** Plaintiff's motion.

### I.   Background

HWB filed this action against Defendants to collect damages based on a promissory note and guaranties. (Doc. No. 1). According to the Complaint, ECS obtained a loan from HWB on September 19, 2016, in the amount of $500,000.00. (Doc. No. 1, Ex. 1).[1] That same day, Rania Edlibi executed a commercial guaranty, pursuant to which she guaranteed all amounts owing under the promissory note. (Doc. No. 1, Ex. 3). On November 3, 2017, NEI and Nasser Edlibi each executed guaranties, agreeing to guarantee all obligations of ECS and Rania Edlibi under the

---

[1] As the Complaint explains, ECS executed the promissory note in favor of MidSouth Bank, N.A. (Doc. No. 1, at 3). Nonetheless, HWB is the current holder of the note because HWB succeeded MidSouth Bank, N.A. by merger in 2019. (*Id.* at 3 n.1); (Doc. No. 1, Ex. 7).

promissory note. (Doc. No. 1, Exs. 4–5). The Complaint alleges that ECS, having failed to make the agreed payments, is in default of the promissory note and that the guarantors have likewise failed to make payment. (Doc. No. 1, at 1–2).

HWB filed this lawsuit on March 22, 2021, alleging claims for breach of contract and attorneys' fees. (Doc. No. 1, at 5–7). Despite having been served with process,[2] Defendants have not appeared in the case or filed any responsive pleadings. On November 9, 2021, the Clerk entered the Defendants' default. (Doc. No. 9). Plaintiff subsequently moved for default judgment pursuant to Federal Rule of Civil Procedure 55(b). (Doc. No. 10, at 1).

## II. Default Judgment Standard

After default is entered, a plaintiff may seek default judgment under Federal Rule of Civil Procedure 55(b). *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The plaintiff must submit evidence supporting that the defendant has been properly served with the summons, complaint, and the default judgment motion. *James Avery Craftsman, Inc. v. Sam Moon Trading Enters., Ltd.*, No. 16-CV-463, 2018 WL 4688778, at *3 (W.D. Tex. July 5, 2018) (citing *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649–51 (5th Cir. 1988)); *Hazim v. Schiel & Denver Book Grp.*, No. H-12-1286, 2013 WL 2152109, at *1 (S.D. Tex. May 16, 2013); S.D. TEX. LOCAL R. 5.5 ("Motions for default judgment must be served on the defendant-respondent by certified mail (return receipt requested)."). Absent proper service, a district court

---

[2] NEI and Nasser Edlibi were served with process on August 18, 2021, by certified mail, return receipt requested. (Doc. No. 6, Exs. 1, 3). ECS and Rania Edlibi were served with process on August 20, 2021, via the same method. (Doc. No. 6); (Doc. No. 6, Ex. 2).

The federal rules authorize serving an individual or corporation by "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1); *see id.* at 4(h)(1)(A). Under Texas law, one means of service is "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." TEX. R. CIV. P. 106(a)(2). For corporate defendants, Texas allows service of process on a corporation's registered agent. TEX. BUS. ORGS. CODE §§ 5.201.

does not have personal jurisdiction over the defendant, and any default judgment is void. *See Recreational Props., Inc. v. Sw. Mortg. Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986).

A "party is not entitled to a default judgment as a matter of right." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "Defaults are 'generally disfavored.'" *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council of Amarillo & Vicinity, AFL-CIO*, 726 F.2d 166, 168 (5th Cir. 1984)). The Fifth Circuit favors "resolving cases on their merits." *Sindhi v. Raina*, 905 F.3d 327, 331 (5th Cir. 2018) (quotation omitted). "This policy, however, is 'counterbalanced by considerations of social goals, justice and expediency, a weighing process that lies largely within the domain of the trial judge's discretion.'" *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999) (alterations omitted) (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990)). The court may enter default judgment where "the adversary process has been halted because of an essentially unresponsive party." *Sun Bank of Ocala v. Pelican Homestead & Savings Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).

"A default judgment is unassailable on the merits but only so far as it is supported by the well-pleaded allegations, assumed to be true." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co.*, 515 F.2d at 1206. For the court to enter default judgment, the complaint must satisfy Federal Rule of Civil Procedure 8. *See Wooten*, 788 F.3d at 497–98. "On appeal, the defendant, although he may not challenge the sufficiency of the evidence, is entitled to contest the
3

sufficiency of the complaint and its allegations to support the judgment." *Nishimatsu Constr. Co.*, 515 F.2d at 1206.

Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 573 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility than a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

### III. Analysis

Courts in the Fifth Circuit have developed a three-part test to determine whether a default judgment should be entered. First, the court must consider whether the entry of default judgment is "procedurally warranted." *Nasufi v. King Cable Inc.*, No. 3:15-CV-3273-B, 2017 WL 6497762, at *1 (N.D. Tex. Dec. 19, 2017) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). Second, the court assesses the substantive merits of the plaintiff's claims to determine whether there is a "sufficient basis in the pleadings for the judgment." *Id.* at *2 (citing *Nishimatsu Constr. Co.*, 515 F.2d at 1206). Third, the court determines "what form of relief, if any, the [plaintiff] should receive." *Id.* (alteration in original) (quoting *United States v. 1998 Freightliner VIN #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008)).

The Court will address each step in turn.

A. <u>Default Judgment Is Procedurally Warranted</u>

Whether the entry of default judgment is procedurally warranted depends on the following factors identified by the Fifth Circuit:

> [1] whether material issues of fact are at issue; [2] whether there has been substantial prejudice; [3] whether the grounds for default are clearly established; [4] whether the default was caused by a good faith mistake or excusable neglect; [5] the harshness of a default judgment; and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

The Court finds that all of these factors have been met in this case. First, Defendants have not filed an answer or any responsive pleadings since being served in this case; consequently, there are no material facts in dispute. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."). Second, Defendants' "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests." *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C–10–390, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011). Third, grounds for default are clearly established given that, as reflected by the record and noted in the Clerk's Entry of Default, "Defendants failed to plead or otherwise defend in this case as required by law." (Doc. No. 9). Fourth, there is no indication that Defendants' silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fifth, HWB seeks only the relief to which it is entitled under the law, mitigating the harshness of a default judgment against Defendants. *See id.* Finally, the Court is not aware of any facts that would give rise to "good cause" to set aside the default if challenged by Defendants. *Id.*

All of the above factors are met. Moreover, the certificate of service contained in Plaintiff's motion for default judgment indicates compliance with Local Rule 5.5. (Doc. No. 10, at 7). Therefore, the Court concludes that default judgment is procedurally warranted.

B. <u>There Is a Sufficient Basis for Judgment in the Pleadings</u>

Next, the Court must determine whether the pleadings provide a "sufficient basis" for entering default judgment. *Nasufi*, 2017 WL 6497762, at *2. Due to their default, Defendants are deemed to have admitted the well-pleaded facts alleged in the Complaint. Nonetheless, the Court must review the pleadings to determine the substantive merits of HWB's claims for relief. *Nishimatsu Constr. Co.*, 515 F.2d at 1206.

HWB has asserted claims for breach of contract against each of the Defendants. (Doc. No. 1, at 5–6). Under Texas law, to prevail on a breach-of-contract claim a plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)). The allegations set out in the Complaint satisfy these four elements. Specifically, the Complaint alleges: (1) the promissory note and guaranties at issue constitute valid, enforceable contracts; (2) HWB performed its contractual obligations; (3) ECS has failed to pay as required by the promissory note, and NEI, Rania Edlibi, and Nasser Edlibi have failed to pay as required by the guaranties; and (4) Defendants' breaches have caused significant financial injury to HWB. Both the note and the guaranties were attached to the Complaint. *See* (Doc. No. 1, Exs. 1, 3–5). Given these well-pleaded factual allegations, default judgment is appropriate.

C. <u>Plaintiff Is Entitled to Damages</u>

After a court determines default judgment can be entered, the court must determine what form of relief, if any, the plaintiff is entitled to. *Nasufi*, 2017 WL 6497762, at *2. The plaintiff bears the burden of proving the amount of damages. *U.S. for Use of M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). The plaintiff must establish the necessary facts, either through detailed affidavits or an evidentiary hearing, to show its damages are "capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). If a calculation can be made "with certainty by reference to the pleadings and supporting documents," a hearing to determine damages is unnecessary. *James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993) (quoting *Frame v. S–H, Inc.*, 967 F.2d 194, 204 (5th Cir. 1992)).

1. *Breach of Contract*

In its motion for default judgment, HWB seeks damages of (a) $449,891.32 for the unpaid principal balance on the promissory note; (b) $330,511.49 for the unpaid, accrued interest on the promissory note as of December 1, 2021; (c) ongoing contractual, pre-judgment interest at the rate of 18.0% on the outstanding principal balance (or $224.95 per diem) from December 2, 2021, to the date of entry of the final default judgment; and (d) post-judgment interest. (Doc. No. 10, at 5–6 & n.2).

HWB supports its request for damages and pre-judgment interest with the affidavit of Wayne Pittman ("Pittman"), Assistant Vice President of HWB in the Special Credits Department. (Doc. No. 10, Ex. 5). The affidavit states that Pittman has personal knowledge of the loan owed by the Defendants and HWB's attempts to enforce the loan documents that are the basis of this lawsuit. (*Id.* at 1). It further states that ECS, as borrower, and NEI, Rania Edlibi, and Nasser Edlibi,

7

as guarantors, have failed to repay the promissory note, and that, giving all proper offsets, as of December 1, 2021, there was an unpaid principal balance of $449,891.32 and accrued, unpaid interest of $330,511.49. (*Id.* at 2). The affidavit also states that "[i]n addition to this amount, contractual, pre-judgment interest from December 2, 2021 to the entry of judgment is continuing to accrue at the post-maturity, contractual rate of $224.95 [per diem]." (*Id.*) This rate is consistent with the post-maturity interest rate specified in the promissory note. *See* (Doc. No. 1, Ex. 1, at 1) ("The Post Maturity Rate on this Note is the lesser of (A) the maximum rate allowed by law or (B) 18.000% per annum based on a year of 360 days.").

Entering default judgment with respect to damages is appropriate. The figures established by Pittman's affidavit have not been disputed by Defendants. Thus, Plaintiff's damages for its breach of contract claims can be determined "with certainty by reference to the pleadings and supporting documents," obviating the need for an evidentiary hearing. *James*, 6 F.3d at 311 (quotation omitted). The Court enters default judgment with respect to damages for breach of contract in the amounts specified above. Moreover, an award of post-judgment interest at the applicable federal rate is appropriate. *Fairmont Specialty Ins. Co. v. Apodaca*, 234 F. Supp. 3d 843, 855 (S.D. Tex. 2017) (district courts do not have the discretion to deny post-judgment interest on monetary judgments); *see* 28 U.S.C. § 1961.

2. *Attorneys' Fees*

HWB also seeks $5,789.575 in attorney's fees, submitting affidavits in support. (Doc. No. 10, Exs. 5–6).[3] The affidavit of Pittman explains that that these fees arise from HWB's efforts to

---

[3] Plaintiff also requests conditional attorneys' fees "in the event of a motion for new trial or on appeal." (Doc. No. 10, at 6). Plaintiff, however, does not provide an estimate of these conditional fees. If additional fees are incurred because of a motion for new trial or an appeal, the issue of attorneys' fees can be addressed at that time. Accordingly, the Court denies HWB's present request for conditional attorneys' fees.

collect on the unpaid debts owed by Defendants. (Doc. No. 10, Ex. 5, at 2). The affidavit of Nate Shields, counsel for HWB in this matter, states that the work he performed in this matter includes "counseling with the Bank's representative who sent demands to the Defendants, researching the Defendants, preparing and filing a Complaint in Federal Court against the Defendants, working with the process server to get the Defendants served, and preparing motions (and supporting documentation) for entry of default and for default judgment." (Doc. No. 10, Ex. 6, at 2).

"State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Under Texas law—which supplies the rule of decision in this case—a prevailing party "may recover reasonable attorney's fees from an individual or organization" in a suit for breach of contract. TEX. CIV. PRAC. & REM. CODE § 38.001(b)(8).[4] Where the plaintiff has been awarded damages for breach of contract and shows proof of reasonable fees, an award of attorneys' fees is mandatory. *Mathis*, 302 F.3d at 462.

In determining the reasonableness of attorneys' fees, Texas courts consider the following factors:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

---

[4] Moreover, the express terms of the promissory note and guaranties at issue allow for the recovery of reasonable attorneys' fees incurred by HWB in collecting upon the note. (Doc. No. 1, Ex. 1, at 2); (Doc. No. 1, Ex. 3, at 2); (Doc. No. 1, Ex. 4, at 2); (Doc. No. 1, Ex. 5, at 2).

9

*Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). "[E]vidence of each of the *Andersen* factors is not required to support an award of attorney's fees." *Arthur J. Gallagher & Co. v. Dieterich*, 270 S.W.3d 695, 706 (Tex. App.—Dallas 2008, no pet.). "The court can also look at the entire record, the evidence presented on reasonableness, the amount in controversy, the common knowledge of the participants as lawyers and judges, and the relative success of the parties." *Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 318 (Tex. App.—Dallas 2009, pet. denied).

After a review of the record, the Court agrees that the evidence supports the conclusion that the rates charged are reasonable in light of the work performed in this case, the amount in controversy, common experience, and the time and labor involved. Plaintiff is entitled to an award of $5,789.58 in attorneys' fees.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for default judgment (Doc. No. 10). Plaintiff is entitled to recover from and against the Defendants, jointly and severally, (a) $449,891.32 for the unpaid principal balance of the promissory note; (b) $330,511.49 in unpaid interest through December 1, 2021; (c) $224.95 per day in pre-judgment interest from December 2, 2021 to the entry of judgment; (d) $5,789.58 in attorneys' fees; (e) costs; and (f) post-judgment interest at the applicable federal rate, *see* 28 U.S.C. § 1961, from the date of final judgment until paid in full. In accordance with Rule 58(a) of the Federal Rules of Civil Procedure, final judgment will be entered separately.

Signed at Houston, Texas, this 25th day of April, 2022.

Andrew S. Hanen
United States District Judge